IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND HARRIS, )
  Petitioner, ) Civil Action No. 16-61 Erie
   )
v. ) Judge Barbara Rothstein
 ) Magistrate Judge Susan Paradise Baxter
 )
MONICA RECKTENWALD, )
  Respondent. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 4] and motion for preliminary injunction [ECF No. 6] be dismissed and that this case be closed.

## II. REPORT

### A. Background

In his petition for a writ of habeas corpus [ECF No. 4], which he filed pursuant to 28 U.S.C. § 2241, the Petitioner, Raymond Harris, contended that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence. He also challenged the BOP's determination as to how long he would be placed in a Residential Reentry Center ("RRC") (formerly known as a halfway house) as he nears the end of his federal sentence, which is set to expire on January 12, 2017. In addition, the Petitioner filed a motion for preliminary injunction [ECF No. 6] in which he requested that the Court order that the BOP reconsidered him for an immediate transfer to an RRC.

1

In the answer [ECF No. 14], the Respondent explained that the Petitioner was approved for placement at an RRC commencing on July 15, 2016. The Respondent also contended the Court should dismiss the petition because the Petitioner did not exhaust his available administrative remedies. The Petitioner did not file a reply to counter the Respondent's arguments. See Local Rule 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

**B. Discussion**

Because the Petitioner was approved for placement at an RRC commencing on July 15, 2016, his challenge to the BOP's decision regarding the length of his RRC placement and his request for injunctive relief are now moot. Spencer v. Kemna, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

As for the Petitioner's claim that the BOP erred in computing his federal sentence, that claim must be dismissed because he failed to exhaust his administrative remedies.[1] In order to obtain federal habeas relief under 28 U.S.C. § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a

---

[1] If the Petitioner's challenge to the length of his RRC placement was not moot, it also would be subject to dismissal because he failed to exhaust his administrative remedies with respect to it.

formal complaint with the Warden within 20 days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he or she may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. Id. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. Id.

The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

The Respondent demonstrated that the Petitioner did not exhaust his available administrative remedies. (Resp's Ex. 3, Declaration of Alisha Gallagher, ¶ 6). The Petitioner's Administrative Remedy Record reflects that during his federal incarceration, he has filed two Administrative Remedy Requests and no appeals to either the Regional or Central Office levels of review. (Id.; Resp's Ex. 3f, Administrative Remedy Generalized Retrieval). Therefore, he failed to exhaust his available administrative remedies and Court should dismiss his claim challenging the BOP's calculation of his federal sentence for that reason. Vasquez, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); Garcia v. United States, 518 F.App'x 78, 79 (3d Cir. 2013) (same); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) (same).

3

A habeas court may excuse a federal prisoner's failure to pursue his administrative remedies in the limited circumstance when it is shown that his efforts to exhaust would be "futile" and the goals of the exhaustion doctrine would not be promoted. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). For example, in Woodall, a federal prisoner challenged the validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§ 570.20-21 (2005)). He did not exhaust his administrative remedies, but argued that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id. The United States Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

Unlike the federal prisoner in Woodall, the Petitioner in this case is not challenging the legality of BOP regulations. Nor is he presenting an issue of statutory construction. Rather, he is challenging the BOP's application to him of the regulations and policies it applies to implement the federal sentencing

4

statutes.[2] Thus, this case does not present the type of legal issue that is within the expertise of a federal court but not the BOP's. See Vasquez, 684 F.3d at 433-34. And, in contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot with certainty predict how the BOP's Regional Director and General Counsel's Office would have ruled on the Petitioner's administrative appeal if he had filed one challenging the decisions at issue in this case.

## **III.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 4] and motions for preliminary injunction [ECF No. 6] be dismissed.[3] Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 24, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[2] The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual.

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. — ,132 S.Ct. 641 (2012).

cc: counsel of record via CM/ECF
 the Petitioner via first-class mail at his address of record[4]

---

[4] It is the Petitioner's responsibility to keep his address of record current. The Court is aware that the Petitioner is no longer designated to the Federal Correctional Institution at McKean; however, that is his address of record and he has not updated it. Therefore, this Report and Recommendation must be sent to him at that address.